UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:00CV2007 (EBB) |
| | : | |
| ONE 1999 CHEVROLET TAHOE, | : | |
| VIN 3GNEK18R7XG150578, WITH | : | |
| ALL APPURTENANCES AND | : | |
| ATTACHMENTS THEREON, | : | |
| | : | |
| ONE 1994 HARLEY DAVIDSON | : | |
| MOTORCYCLE, | : | |
| VIN 1HD1GEL15RY305363, WITH | : | |
| ALL APPURTENANCES AND | : | |
| ATTACHMENTS THEREON, | : | |
| | : | |
| Defendants. | : | October 14, 2004 |
| | : | |
| [CLAIMANT:  DAVID ROSSE] | : | |

PLAINTIFF UNITED STATES OF AMERICA'S
RESPONSE TO NOTICE OF RULE 41(a)

The Plaintiff, United States of America ("United States"), hereby responds to the Rule

41(a) Notice entered by the Court on September 24, 2004 in the above-captioned civil forfeiture

action.  The undersigned Assistant United States Attorney hereby represents to this Court the

following:

1.    On October 17, 2000, the Plaintiff, United States of America, filed a Verified

Complaint of Forfeiture against one 1999 Chevrolet Tahoe, VIN 3GNEK18R7XG150578, with

all appurtenances and attachments thereon, and one 1994 Harley Davidson Motorcycle, VIN

1HD1GEL15RY305363, with all appurtenances and attachments thereon ("Vehicle

Defendants"), to enforce the provisions of 18 U.S.C. § 981(a)(1)(A) for the forfeiture of property involved in a financial transaction in violation of 18 U.S.C. §§ 1956 and 1957, and to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) for the forfeiture of property which constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), namely mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, or conspiracy to commit such offenses. This action was filed in connection with the related criminal case entitled <u>United States v. Martin Frankel</u>, Criminal No. 3:99CR235 (EBB), in which Martin Frankel and others devised and executed a scheme to defraud several insurance companies across the country of approximately $200 million. The potential claimant to the Vehicle Defendants was identified as David Rosse, the registered owner. In addition to this claimant, various insurance companies[1] which were defrauded by Martin Frankel have also filed claims in this case.

2.    On November 24, 2000, David Rosse waived personal service of the Verified Complaint of Forfeiture and Warrants of Arrest in rem.

3.    On November 6, 2000, Carroll Fisher, Insurance Commissioner and Receiver for Farmers and Ranchers Life Insurance Company filed a Claim, and on November 16, 2000, filed

---

[1] The insurance commissioners and receivers who have filed claims in this action on behalf of the victim insurance companies are: (1) Mississippi Commissioner of Insurance George Dale, Liquidator of First National Life Insurance Company of America, Franklin Protective Life Insurance Company, and Family Guaranty Life Insurance Company; (2) Commissioner Anne B. Pope, Receiver and Liquidator of Franklin American Life Insurance Company; (3) Director Keith Wenzel, Receiver of International Financial Services Life Insurance Company; (4) Carroll Fisher, Insurance Commissioner and Receiver for Farmers and Ranchers Life Insurance Company; (5) Mike Pickens, Receiver of Old Southwest Life Insurance Company.

an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture, and a

Counterclaim against the United States.

4.     On November 8, 2000, Director Keith Wenzel, Receiver of International Financial

Services Life Insurance Company filed a Claim, and on November 27, 2000, filed an Answer and

Affirmative Defenses to the Verified Complaint of Forfeiture, and a Counterclaim against the

United States.

5.     On November 8, 2000, Commissioner Anne B. Pope, Receiver and Liquidator of

Franklin American Life Insurance Company filed a Claim, and on November 27, 2000, filed an

Answer and Affirmative Defenses to the Verified Complaint of Forfeiture, and a Counterclaim

against the United States.

6.     On November 8, 2000, Mike Pickens, Receiver of Old Southwest Life Insurance

Company filed a Claim, and on November 28, 2000, filed an Answer and Affirmative Defenses

7.     On November 8, 2000, Mississippi Commissioner of Insurance George Dale,

Liquidator of First National Life Insurance Company of America, Franklin Protective Life

Insurance Company, and Family Guaranty Life Insurance Company filed a Claim, and on

November 27, 2000, filed an Answer and Affirmative Defenses to the Verified Complaint of

Forfeiture, and a Counterclaim against the United States.

8.     On January 26, 2001, the United States moved for an Interlocutory Sale of the

Vehicle Defendants, and on January 31, 2001, the Court granted the motion and entered an Order

for Interlocutory Sale.

9.     On April 5, 2001, pursuant to the Order for Interlocutory Sale in this case and the

related case entitled United States v. 1995 Turbo Commander Aircraft, Civil No. 3:99CV2590

3

(EBB), the United States sold the Defendant Vehicles at public auction along with the vehicles in 1995 Turbo Commander case.

10.     On May 20, 2003, the Plaintiff, United States of America, requested the Court enter default against David Rosse for failure to file a claim or answer within the time permitted by Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and on September 18, 2003, the Court granted the United States' request for Default against David Rosse.

11.     On June 25, 2003, the Plaintiff, United States of America, moved for Default Judgment against David Rosse, and on September 18, 2003, the Court granted the motion and entered a default judgment against David Rosse.

12.     As indicated in Paragraph One above, this civil forfeiture action is related to the criminal case entitled United States v. Martin Frankel, Criminal No. 3:99CR235 (EBB).  In that case and related cases, Martin Frankel and others are awaiting sentencing.  Until Frankel and various co-conspirators are sentenced, the United States is unable to work toward a resolution of this and the related civil forfeiture actions with the various claimants.  Several co-conspirators have already been sentenced and restitution orders entered which identify the seven victim insurance companies that should receive restitution from the various defendants.  The victim insurance companies have come to an agreement as to how restitution should be apportioned among the seven insurance companies.

13.     Also as mentioned above, there are several victim insurance companies that have filed claims in this action.  The United States has been engaging in an on-going dialogue with the seven insurance companies identified in the previously entered restitution orders and is working

with them in this case and the dozen other related civil forfeiture actions as to how the cases should be collectively resolved to the satisfaction of all parties involved.

14.    Moreover, there are several re-insurance companies, Peoples Benefit Life Insurance Company, Veterans Life Insurance Company, and Huff Cook, Inc., on behalf of Settlers Life Insurance Company, that have made competing claims against the seven insurance companies in some of the other forfeiture actions.  These re-insurance companies filed an action in the Chancery Court of the First Judicial District of Hinds County, Mississippi (the receivership court for First National Life Insurance Company of America) asking the Receivership Court to allow them to pursue the assets at issue in this forfeiture action.  The Receivership Court ruled that the Liquidator was the proper party to recover the assets and that the re-insurance companies had to make their claims through the liquidation proceedings, like all other claimants.  The re-insurance companies are currently appealing the decision in favor of the victim insurance companies in a Mississippi liquidation court.

15.    Due to several unresolved criminal cases, the complexity of the underlying issues involving the insurance companies and the goal to resolve all of the Frankel-related forfeiture

actions globally, the United States respectfully requests that the Court retain this case on the

active docket to afford the parties an opportunity to resolve the issues described above.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 821-3700
FEDERAL BAR # ct23398

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Plaintiff United States of

America's Response to Notice of Rule 41(a) Notice to Counsel has been mailed, postage prepaid,

on this 14th day of October, 2004, to:

Douglas J. Schmidt, Esq.
Blackwell Sanders Peper Martin, LLP
2300 Main Street, Suite 1000
Kansas City, Missouri 64108

Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith
195 Church Street
New Haven, CT 06510

Graham Matherne, Esq.
Wyatt Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203

Charles G. Copeland, Esq.
Copeland, Cook, Taylor & Bush, P.A.
1062 Highland Colony Parkway, Ste. 200
P.O. Box 6020
Ridgeland, Mississippi 39157

Andrew B. Campbell
Wyatt, Tarrant & Combs
2525 W. End Avenue
Suite 1500
Nashville, TN 37203

Susan Loving, Esq.
Lest, Loving and Davies
1701 South Kellly
Edmund, Oklahoma 73013

_____
JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY