# CLERK'S CERTIFICATE

## THE STATE OF MISSISSIPPI
## COUNTY OF HINDS

I, **EDDIE JEAN CARR**, Clerk of the Chancery Court of Hinds County, Mississippi, the same being a court of record, the lawful possessor and custodian of the papers and records of said court, do hereby certify and attest that the above and foregoing _12_ pages, are true, full and complete copies of _Final order of liquidation and Finding of Insolvency_ _____ as the same are and remain, on file and of record in my office.

In witness whereof, I have hereto set my hand and affixed the seal of said court, at my office in the City of Jackson, in the County of Hinds, and State of Mississippi, this the _20th_ day of _January_, 20_05_.

(SEAL)

_Eddie Jean Carr_
Chancery Clerk of Hinds County, Mississippi

---

# CERTIFICATE OF CHANCELLOR

## THE STATE OF MISSISSIPPI
## HINDS COUNTY

I, _William Singletary_, a presiding Chancellor of the FIFTH Chancery District of the State of Mississippi (said District including the County of HINDS) do hereby certify that **EDDIE JEAN CARR**, who's genuine signature appears to the foregoing Certificate of CLERK, is now, and was at the date of said Certificate, the Clerk of the Chancery Court of said County, duly elected and qualified according to law; and that all his official acts as such are entitled to full faith and credit; that his said Certificate is in due form of law; that the seal hereto attached is the genuine seal of said Chancery Court, and that said Court is a Court of Record.

Given under my hand and seal, at JACKSON, MISSISSIPPI, this _20th_ day of _January_, 20_05_.

_William Singletary_
Chancellor

---

# CLERK'S CERTIFICATE OF CHANCELLOR

## THE STATE OF MISSISSIPPI
## COUNTY OF HINDS

I, **EDDIE JEAN CARR**, Clerk of said Court, do hereby certify that_____ _William Singletary_ who's genuine signature appears to the annexed and last above Certificate of Attestation, is now, and was at the date of said Certificate, a Chancellor of the FIFTH Chancery District of said State, (including the County of HINDS), as therein stated, duly appointed by lawful authority and legally qualified, and that all his acts as such are entitled to full faith and credit, that all his acts as such are entitled to full faith and credit, that his said Certificate and Attestation are in due form of law, and that said Chancery Court is a Court of Record.

IN TESTIMONY WHEREOF, I have hereto set my hand and seal of said Court, at my office, in JACKSON, MISSISSIPPI, this the _20th_ day of _January_, 20_05_.

**EXHIBIT 4**

(SEAL)

_Eddie Jean Carr_
Chancery Clerk of Hinds County, Mississippi

BOOK **1420** PAGE **432**

IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI



GEORGE DALE, COMMISSIONER
OF INSURANCE OF THE STATE OF
MISSISSIPPI                                                    PETITIONER

JUN 29 1999

ALICE JAMES, Chancery Clerk
By _____ D.C.

VS.                                                    CIVIL ACTION NO. G99-907

FRANKLIN PROTECTIVE LIFE INSURANCE
COMPANY, A MISSISSIPPI DOMICILED
INSURANCE COMPANY                                       RESPONDENT

## FINAL ORDER OF LIQUIDATION AND FINDING OF INSOLVENCY

**THIS CAUSE** having come before the Court on the Petition of George Dale, Commissioner

of Insurance for the State of Mississippi (the "Commissioner") as Rehabilitator (the "Rehabilitator")

of Franklin Protective Life Insurance Company (the "Company") and Betty Cordial as Deputy

Rehabilitator (the "Deputy Rehabilitator") of Franklin Protective Life Insurance Company (the

"Company"), for the entry of a Final Order of Liquidation and Finding of Insolvency pursuant to

Miss. Code Ann. §83-24-27(1), and the Court having found as follows:

1.

On May 10, 1999, this Court entered an Order of Rehabilitation concerning the Company,

BOOK **1420** PAGE **433**

and among other things, appointed the Commissioner as the Rehabilitator of the Company to have

and exercise the powers and responsibilities of a rehabilitator pursuant to <u>Miss</u>. <u>Code</u> <u>Ann</u>. § 83-

24-1 *et seq*. and other applicable laws.


2.

On May 12, 1999, this Court entered an Order appointing Betty Cordial as the Deputy

Rehabilitator of the Company to have and exercise the powers and responsibilities of a deputy

rehabilitator pursuant to <u>Miss</u>. <u>Code</u> <u>Ann</u>. § 83-24-1 *et seq*. and other applicable laws.


3.

Since that date, pursuant to the Order of Rehabilitation, the Rehabilitator and Deputy

Rehabilitator have exercised their authority to take possession and control of the property, books,

accounts, documents, and other records and assets of the Company, and of the premises occupied

by the Company for transaction of its business, and to administer them under the general

supervision of this Court to permit the Rehabilitator and Deputy Rehabilitator to ascertain the

condition of the Company.


4.

Subsequent to the entry of the Order of Rehabilitation, the Rehabilitator has determined

that the Company is insolvent within the meaning of <u>Miss</u>. <u>Code</u> <u>Ann</u>. § 83-24-7(k) and § 83-24-

35(4) because the Company's admitted assets do not exceed its liabilities ( including but not

limited to required reserves).  Through a fraudulent scheme the Company has lost possession of

Page -2-

BOOK**1420**PAGE**434**

its reserve investments and the full recovery of these investment monies is unlikely.

5.

The Company is insolvent.   The admitted assets of Company as of the year ended

December 31, 1998, as reflected on Exhibit A attached hereto from the Company's Annual

Statement, were $24,129,135 .  Of this amount, $23,330,785 is reflected as being invested in

bonds.  During the Rehabilitation, Petitioners have determined that substantially all of the bond

investments are missing.  John Hackney, President of the Company, has advised that he invested

the Company's assets in bonds through the broker known to him as LNS, Inc.  Petitioners have

confirmed that records of the Company reflect these investments, however, LNS, Inc. and the

money invested in bonds through LNS, Inc. is missing.  With total liabilities of $21,857,487, and

the missing bonds, the Company is insolvent.

6.

The Court should enter an Order of Liquidation pursuant to <u>Miss</u>. <u>Code</u> <u>Ann</u>. § 83-24-

31(1) and §83-24-33 because the Company is insolvent within the meaning of <u>Miss</u>. <u>Code</u> <u>Ann</u>.

§83-24-7(k); and the continuation of the Company's rehabilitation proceedings will substantially

increase the risk of loss to its policyholders, creditors, and the public, and would be futile.

7.

The Company has limited assets to meet necessary administrative expenses.  The Deputy

Rehabilitator is working with the National Organization of Life and Health Insurance Guaranty

Page -3-

BOOK **1420** PAGE **435**

Associations and all affected state guaranty associations including the Mississippi Life and Health

Insurance Guaranty Association ("Guaranty Associations") to protect policyholders by the

possible assumption of policy obligations by a solvent carrier, or through coverage provided

directly by the Guaranty Associations. At this time it is unknown whether all policies will be

covered by Guaranty Associations. Entry of an order of liquidation and a finding of insolvency

will allow the various involved Guaranty Associations to assume their statutory responsibilities

with respect to covered policies and benefits through statutory mechanisms such as Miss. Code

Ann. § 83-23-215(2), and begin paying claims covered by the Guaranty Associations.


8.

The officers and directors of the Company are aware of the missing bond investments and

the insolvent condition of the Company. Copies of this Petition have been forwarded to the

officers and directors that can be located. Further notice is not required or appropriate and would

delay the protection of policyholders, creditors and the general public. Objections to the Order of

Liquidation, if any, can be heard at a post entry hearing as provided by Miss. Code Ann. § 83-24-

19(5); or by an appeal with limitations upon the liquidation as provided in Miss. Code Ann. § 83-

24-35(6).


9.

It is in the best interests of the policyholders and creditors of Company and the

public that the Company immediately be placed in liquidation pursuant to Miss. Code Ann. § 83-

24-31(1) and § 83-24-33. Grounds exist that justify the immediate entry of a Final Order of

BOOK **1420** PAGE **436**

Liquidation and Finding of Insolvency to permit the Rehabilitator and Deputy Rehabilitator to liquidate the Company and to take such other actions as may be necessary.

IT IS HEREBY ORDERED AND ADJUDGED:

A.   The Company is insolvent as defined by Miss. Code Ann. § 83-24-7;

B.   The Order of Rehabilitation entered on May 10, 1999, is superseded, the rehabilitation proceeding is terminated, the rehabilitation proceeding is converted to a liquidation proceeding, and the Company is to be liquidated;

C.   George Dale, Commissioner of Insurance of the State of Mississippi, and his successors in office, are appointed as the liquidator ("Liquidator") of the Company, and he is ordered to liquidate the business and affairs of the Company  and exercise the powers, duties and responsibilities of a liquidator pursuant to Miss. Code Ann. § 83-24-1 et seq. and other applicable Mississippi laws;

D.   The Rehabilitator is authorized to appoint a Deputy Liquidator and Betty Cordial, the current Deputy Rehabilitator, is appointed as Deputy Liquidator; and she is granted all powers and responsibilities of the Liquidator granted by the Order of Liquidation and all such authority as conferred by operation of law;

E.   The Liquidator retains the right to terminate the Deputy Liquidator and/or substitute another person as Deputy Liquidator as he may deem necessary, and all Deputy Liquidators will serve at the pleasure of the Liquidator as provided by  Miss. Code Ann. §83-24-27(1);

F.   All rights and liabilities of the Company and of the Company's creditors, policyholders, stockholders, employees and all other persons interested in the Company's estate, except as otherwise provided by Mississippi law, are fixed as of the date of the entry of this

Page -5-

BOOK**1420**PAGE**437**

Order.

G.    The policies of life or health insurance or annuities that are covered by a guaranty

association or foreign guaranty association are continued in force for such period and under such

terms as is provided for by any applicable guaranty association or foreign guaranty association as

provided in Miss. Code Ann. § 83-24-37(3).  Any premiums due for such policies on or after the

date of entry of an order of liquidation belong to the applicable guaranty association.   Pursuant to

Miss. Code Ann. § 83-24-37(e), all benefits and/or policies not covered by a guaranty association

or foreign guaranty association are terminated at 12:01 A.M. on the day after the entry of this

Order of Liquidation.

H.    The Liquidator and Deputy Liquidator are given possession and control and are

vested with title to all of the tangible and intangible rights, property, and assets of the Company,

wherever located, including but not limited to all monies, accounts, books, documents, records,

the premises occupied by the Company for transaction of its business,  contracts, rights of action,

securities, brokerage accounts, polices, policy benefits due to Company, files, papers, electronic

media, debentures, mortgages, furniture, fixtures, computer hardware, computer software, office

supplies, motor vehicles, and all other equipment.

I.    All persons and entities, including but not limited to banks, brokerage houses, agents,

producers, general agents, sub-agents, contractors, reinsurers, reinsurance intermediaries, third-

party administrators, underwriting managers, officers, directors, stockholders, employees,

representatives, accountants, attorneys, actuaries, affiliates, parent corporations, subsidiaries, and

policyholders, in possession of any tangible or intangible right, property, asset or record of the

Company, shall maintain all such rights, property, asset and records in a safe and secure manner

BOOK**1420**PAGE**438**

for and on behalf of the Liquidator and are ordered to promptly deliver all such rights, property and records to the Liquidator or Deputy Liquidator upon request.

    J.   All general agents, agents, sub-agents, and brokers of Company are enjoined from returning to policyholders or others, any unearned premiums, or any monies in their possession collected from premiums;

    K.   General agents, agents, sub-agents, and brokers are ordered to remit all premiums, unearned premiums, collected commissions, and unearned commissions in their possession or under their control, or which they may hereafter acquire, to the Liquidator, together with all records and a full accounting thereof;

    L.   All persons and entities are enjoined and prohibited from:

        (1)   The transaction of further business of the Company without the approval of the Liquidator;

        (2)   Interfering with the Liquidator's, or Deputy Liquidator's, duties, activities, or responsibilities, or with this proceeding;

        (3)   The transfer, waste, or dissipation of the bank accounts or any of the property or assets of the Company;

        (4)   The obtaining of any preference, judgment, attachment, garnishment or lien against the Company or its assets, wherever located, or the levying of execution against the Company or its assets, wherever located, or the commencement, prosecution or further prosecution of any suit, action or proceeding having any such purpose or effect;

        (5)   The making of any sale or deed for nonpayment of taxes or assessments

BOOK**1420**PAGE**439**

that would lessen the value of the assets of the Company;

(6)    The withholding from the Liquidator of the books, accounts, documents or other records relating to the business of the Company;

(7)    Any other threatened or contemplated action that might lessen the value of the Company's assets or prejudice the rights of policyholders, creditors or shareholders, or the administration of this proceeding;

M.    No action at law or equity or in arbitration may be brought against the Company or Liquidator, whether in Mississippi or elsewhere. Such existing actions may not be maintained or further presented or prosecuted after issuance of this Liquidation Order. All claims must be submitted through the claims process;

N.    All secured creditors or parties, pledgees, lien holders, collateral holders or other persons claiming a secured, priority or preferred interest in any property or assets of the Company are enjoined and prohibited from taking any steps whatsoever to transfer, sell, encumber, attach, dispose of or exercise purported rights in or against any property or assets of the Company without the prior approval of the Liquidator;

O.    The Company, and its officers, directors, agents, servants, employees and/or other persons acting for or on behalf of the Company are prohibited from soliciting or accepting new business;

P.    The Company, its officers, directors, employees, agents, stockholders, and all other persons, including but not limited to banks, brokerage houses, agents, producers, general agents, sub-agents, contractors, reinsurers, reinsurance intermediaries, third-party administrators, underwriting managers, representatives, accountants, attorneys, actuaries, affiliates, or parent

Page -8-

BOOK**1420**PAGE**440**

corporations, and subsidiaries, are prohibited and restrained from the further transaction of business by or on behalf of the Company, and from dealing with or disposing of the property of the Company, committing any waste or concealment of assets, without the express authorization of the Liquidator or Deputy Liquidator;

Q.  All general agents, agents, sub-agents and brokers of the Company, as well as any banks, brokerage houses, reinsurers, third party administrators, or other companies or persons having in their possession assets or commissions which are, or may be, the property of the Company are prohibited from disposing of or destroying the same, or disposing of or destroying any records pertaining to any business transactions between Company and its insureds, policyholders, general agents, agents, brokers, banks, brokerage houses, reinsurers, third party administrators, or other companies or persons having done business with Company, or having in their possession assets which are or were the property of Company;

R.  All general agents, agents, and brokers of Company are prohibited from in any way counseling, encouraging or soliciting the cancellation, surrender, replacement or termination of policies issued by Company, which would eliminate, jeopardize or diminish the rights of policyholders to the benefits provided by the Mississippi Life and Health Insurance Guaranty Association, or similar associations in other states;

S.  All contracts and agreements of reinsurance, wherein the Company is the ceding insurer remain in full force and effect pending a determination and recommendation by the Liquidator as to when, and upon what terms, cancellation is appropriate. All reinsurers are ordered to pay all amounts due and unpaid to the Company under such contracts and treaties;

T.  All treaties, contracts, and agreements of reinsurance wherein the Company is the

Page -9-

BOOK**1420**PAGE**441**

assuming reinsurer are canceled on a "cut-off" basis effective with the entry of this Order of

Liquidation.  All ceding insurers or reinsurers are ordered to account for and pay all amounts due

and unpaid to the Company under such contracts and treaties;

     U.  The continuing employment of legal counsel for the Rehabilitator as counsel for the

Liquidator is approved pursuant to the same terms previously approved by the Court

     V.  All available constitutional, statutory and common law immunities applicable and

available to the Liquidator are extended to the Deputy Liquidator, counsel for the Liquidator and

Deputy Liquidator, and all other agents, and personnel of the Liquidator and Deputy Liquidator;

     W.  The Liquidator and the Deputy Liquidator are authorized to employ, or continue to

employ,  such special deputies, agents, actuaries, accountants, agents, appraisers, assistants,

clerks, consultants and such other personnel as they deem necessary and to fix and pay the

reasonable compensation and expenses of such persons out of the funds and assets of Company

subject to the supervision of this Court;

     X.  The Liquidator and Deputy Liquidator are authorized to pay all routine

administrative and operating expenses, including the compensation, fees and expenses of

attorneys, accountants, agents, appraisers, and consultants,  incurred in connection with the

orderly liquidation of the Company and collection of the Companies assets, without prior

approval of the Court, but subject to the general supervision of the Court;

     Y.  The Liquidator and Deputy Liquidator are authorized to pay all routine

administrative expenses that remain outstanding that were directly incurred and authorized by the

Rehabilitator or Deputy Rehabilitator during the period of rehabilitation; , including reasonable

amounts as collection costs for the collection of debit premiums during the period of

BOOK**1420**PAGE**442**

rehabilitation;

Z.    The Liquidator and Deputy Liquidator are authorized to return any funds received and collected in a fiduciary capacity after the entry of the order of rehabilitation for non-insurance products, including but not limited to prepaid funeral expenses;

AA.    The Liquidator and Deputy Liquidator are authorized to take actions necessary to prevent potential preferences from occurring, including specific injunctions against appropriate parties pursuant to Miss. Code Ann. § 83-24-51 - 55, and where appropriate, to enjoin the dissipation of Company's assets already paid out as potential preferences or fraudulent conveyances or any threatened or contemplated action that might lessen the value of Company's estate or prejudice the rights of its policyholders, creditors, or the public, or the administration of this proceeding;

BB.    The Liquidator and Deputy Liquidator are authorized, pursuant to Miss. Code Ann. § 83-24-51 - 55 to void fraudulent transfers, and to void preferences;

CC.    Financial reports to the Court shall be made by the Liquidator within one year of the Order of Liquidation and at least annually thereafter, each such financial report to include, at a minimum, the assets and liabilities of the Company and all funds received and disbursed by the Liquidator;

DD.    The Liquidator is directed to give appropriate notice of the Order of Liquidation pursuant to Miss. Code Ann. § 83-24-43, the deadline for filing claims as established by the Court, and the procedures for filing claims against the estate of the Company;

EE.    All powers and duties enumerated in Miss. Code Ann. §83-24-41 are hereby granted to the Liquidator and the Deputy Liquidator;

BOOK **1420** PAGE **443**

FF.    This Order of Liquidation shall remain in effect until amended by this Court, or the

Liquidator has completed his duties or is discharged by order of this Court; and

GG.    This Order of Liquidation is hereby entered as a final judgment.

ORDERED AND ADJUDGED this the _27th_ day of June, 1999.


_____
CHANCELLOR

Page -12-