AUTHENTICATED CERTIFICATE

THE STATE OF OKLAHOMA. OKLAHOMA COUNTY, ss.

IN THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY,
THE STATE OF OKLAHOMA.

I, **Patricia Presley, Court Clerk** of Oklahoma County, the State of Oklahoma, do hereby certify that by reason and virtue of being such Court Clerk, I am the legal custodian of and have under my charge and care all of the record books and files of the District Court, that there is no other Clerk of said District Court of said Oklahoma County and I do further certify that the attached and following is a full, true and correct, and complete copy of ORDER GRANTING RECEIVER'S APPLICATION FOR ORDER DECLARING INSOLVENCY, CONVERTING ORDER OF REHABILITATION TO ORDER OF LIQUIDATION, TRANSFERRING POLICIES, CONTINUING PERMANENT INJUNCTION, CHANGING COMPANY NAME TO "FARMERS AND RANCHERS LIFE INSURANCE COMPANY IN LIQUIDATION," EXTENDING AND AUTHORIZING MORATORIUM, AND PROVIDING FOR NOTICE AND DEADLINE FOR ASSERTING CLAIMS in Case No. **CJ-99-3401-61** entitled **STATE OF OKLAHOMA, ex rel. CARROLL FISHER, Insurance Commissioner, Petitioner, v. FARMERS AND RANCHERS LIFE INSURANCE COMPANY, a licensed domestic Insurer in the State of Oklahoma, Respondent.**

In the District Court within and for Oklahoma County, the State of Oklahoma, as appears from the record and files thereof.

**IN WITNESS WHEREOF,** I have hereunto set my hand and seal at my office in the City of Oklahoma City, Oklahoma County, the State of Oklahoma, on this 25th day of **January**, 2005.

_____
PATRICIA PRESLEY
Court Clerk of Oklahoma County,
The State of Oklahoma

THE STATE OF OKLAHOMA, OKLAHOMA COUNTY, ss.

I, **Barbara G Swinton**, a Judge of the District Court of the Seventh Judicial District, within and for Oklahoma County, the State of Oklahoma, do hereby certify that the above named Patricia Presley, by whom the above certificate was made, was at the date thereof, Clerk of said Court, duly acting and qualified, and that the said certificate is in due form of law and made by the proper officer.

Dated  1-26-05

_____
Judge, Seventh Judicial District,
in and for Oklahoma County,
The State of Oklahoma

EXHIBIT 5

STATE OF OKLAHOMA, ex rel.   CJ-99-3401
CARROLL FISHER, Insurance Commissioner,

        Petitioner,

v.

FARMERS AND RANCHERS LIFE
INSURANCE COMPANY, a licensed domestic
Insurer in the State of Oklahoma,

        Respondent.


THE STATE OF OKLAHOMA, OKLAHOMA COUNTY, ss.

I, **Patricia Presley, Court Clerk** of Oklahoma County, the State of Oklahoma, do hereby certify that the Honorable Judge **Barbara G Swinton** whose name is subscribed to the foregoing certificate, was at the date of making the same, a Judge of said Court, duly elected and qualified as such, and that her signature to the same is genuine.

**IN WITNESS WHEREOF**, I have hereunto set my hand and affixed my official Seal at my office in the City of Oklahoma City, said County and State, this the 28th day of **January**, 2005.

                                      *Patricia Presley*
                                      PATRICIA PRESLEY
                                      Court Clerk of Oklahoma County,
                                      The State of Oklahoma

2:,//6075

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY OKLA.
JAN 14 2000
PATRICIA PRESLEY, COURT CLERK
BY _____ DEPUTY

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel.<br>CARROLL FISHER, Insurance Commissioner,<br><br>Petitioner,<br><br>v.<br><br>FARMERS AND RANCHERS LIFE<br>INSURANCE COMPANY, a licensed domestic<br>Insurer in the State of Oklahoma,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)  No. CJ-99-3401-61<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING RECEIVER'S APPLICATION FOR ORDER DECLARING
INSOLVENCY, CONVERTING ORDER OF REHABILITATION TO ORDER OF
LIQUIDATION, TRANSFERRING POLICIES, CONTINUING PERMANENT
INJUNCTION, CHANGING COMPANY NAME TO
"FARMERS AND RANCHERS LIFE INSURANCE COMPANY IN LIQUIDATION,"
EXTENDING AND AUTHORIZING MORATORIUM,
AND PROVIDING FOR NOTICE AND DEADLINE FOR ASSERTING CLAIMS**

Now on this 14th day of January, 2000, comes on for hearing the application of Carroll Fisher, Insurance Commissioner for the State of Oklahoma, in his capacity as Receiver of Farmers and Ranchers Life Insurance Company ("the Company"), for an Order declaring the Company to be insolvent, directing the Receiver to liquidate the business of the Company, transferring policies, continuing the permanent injunction issued herein, changing the name of the Company, extending and authorizing a moratorium, and providing for notice and a deadline for asserting claims against the estate.

The Court, having examined the pleadings and heard the evidence, finds as follows:

**Preliminary matters**

1.   Receiver brings this application pursuant to 36 O.S. 1991, §1906. Furthermore, pursuant to 36 O.S. §1910(B), if at any time the Insurance Commissioner deems that further

L-17/6077

efforts to rehabilitate the insurer would be useless, the Receiver is authorized to apply to this Court for an order of liquidation.

2. On May 20, 1999, this Court entered an Agreed Order and on July 9, 1999, this Court entered its Amended Order Appointing Receiver, in both of which Carroll Fisher, Insurance Commissioner, was appointed Receiver herein. Pursuant to these Orders, the Receiver was vested with all powers and authority, express or implied, to conduct the business of the Company and to rehabilitate it as provided in 36 O.S. 1991, §§ 1901 *et seq.*

3. Pursuant to 36 O.S. §1902, this Court has jurisdiction over this matter.

4. Receiver has given adequate and sufficient notice of these proceedings to all proper parties.

**Findings of insolvency and transfer and assumption of Company policies**

5. This receivership was initiated due to Receiver's information and belief that the assets of the Company may have disappeared. Receiver has examined the books and records and accounts of the Company and investigated the Company's financial condition, and has reasonably determined that substantially all assets of the Company have disappeared.

6. As a consequence, the Company's assets are not at least equal to its liabilities and required reserves, and its assets and surplus are therefore below the minimum required by the State of Oklahoma to conduct the business of insurance. Pursuant to 36 O.S. §§1901 and 2128, the Company is insolvent and the Receiver has reasonably determined that further efforts to rehabilitate the Company would be futile.

7. According to the most recent Annual Statement of the Company, filed with the Oklahoma Insurance Department for the year ended December 31, 1998, the officers and directors of the Company are: John Alvis Hackney, President and member, Board of Directors;

2617/6078

Wade Avery Willis, Vice President, Secretary, and member, Board of Directors; Judith Carol Lowrey, Vice President, Treasurer, and member, Board of Directors; Dennis Lee Roos, Vice President, Actuary, and member, Board of Directors; Jerry Donald Poindexter, Vice President and member, Board of Directors; and Gary Atnip, member, Board of Directors.

8.  According to the records of the Oklahoma Insurance Department, 100% of the stock of the Company is owned by International Financial Corporation ("IFC"), an Oklahoma corporation, and 100% of the stock of IFC is owned by the Thunor Trust, a Tennessee trust. John Hackney is Trustee of the Thunor Trust.

9.  Pursuant to its authority under 36 O.S. §2028, the Oklahoma Life and Health Guaranty Association ("OLHGA") has obtained the agreement of Oklahoma Farmers Union Mutual Insurance Company ("Farmers Union") to assume and reinsure the policies of the Company by and through a new corporation to be formed by Farmers Union ("the new corporation"). Under the agreement, the new corporation will have an initial capitalization of $2.5 million, will maintain at least $1 million in capital and surplus through its first triennial examination pursuant to 36 O.S. §§309 *et seq.*, and will deposit $300,000 with the Oklahoma Insurance Department as surety, for the protection of Farmers and Ranchers policyholders.

10. Use of the name "Farmers and Ranchers Life Insurance Company" by the new corporation will help avoid confusion among Company policyholders and the public, and authorization of such use constitutes good and valuable consideration to Farmers Union to assume and reinsure the subject policies.

11. In light of the insolvency of the Company, it is in the best interests of the policyholders, creditors and public to convert the proceedings herein from rehabilitation proceedings to liquidation proceedings, to transfer the Company policies to Farmer's Union

3

cc17/6079

and/or the new corporation pursuant to an assumption and reinsurance agreement, to authorize Farmer's Union and/or the incorporators, officers, directors or stockholders of the new corporation to utilize the name "Farmers and Ranchers Life Insurance Company," subject to the requirements of Oklahoma law, and to rename the Company in liquidation.

### Permanent Injunction

12.   Pursuant to this Court's previous Order and Amended Order of Rehabilitation, a Permanent Injunction is in effect enjoining and prohibiting Farmers and Ranchers, its officers, directors, stockholders, members, subscribers, agents, employees, or other representatives from transacting any further business of Farmers and Ranchers, or from wasting, transferring, selling, concealing, destroying, disbursing, disposing of or assigning any assets, contracts, causes of action, funds, records, correspondence, memoranda, or any documents or other property of Farmers and Ranchers or any of its affiliates which may have any conceivable relevance to these proceedings, or from paying any further claims, debts, or obligations of Farmers and Ranchers or issuing any further drafts or checks. The imposition of such a permanent injunction continues to be in the best interests of the public, and the policyholders, creditors, and all others interested in the estate, and should be granted.

13.   Furthermore, pursuant to this Court's previous Order and Amended Order of Rehabilitation, a Permanent Injunction is in effect enjoining and prohibiting all persons and entities from interfering with the Insurance Commissioner's possession, title and rights in and to the property of Farmers and Ranchers. The imposition of such a permanent injunction continues to be in the best interests of the public, and the policyholders, creditors, and all others interested in the estate, and should be granted.

217/6080

14. Furthermore, pursuant to this Court's previous Order and Amended Order of Rehabilitation, a Permanent Injunction is in effect enjoining and prohibiting all persons and entities from wasting, transferring, selling, concealing, destroying, disbursing, disposing of or assigning, in any manner, the assets and property of Farmers and Ranchers, and they are enjoined and prohibited from commencing or prosecuting any actions against Farmers and Ranchers, obtaining any preferences, judgments, attachments, or other liens against Farmers and Ranchers, or making any levy against Farmers and Ranchers or its assets or any part thereof. The imposition of such a permanent injunction continues to be in the best interests of the public, and the policyholders, creditors, and all others interested in the estate, and should be granted.

### Moratorium

15. It is in the best interests of the public, and the policyholders, creditors, and all others interested in the estate that the Receiver is authorized, in his discretion, to impose a temporary moratorium on lending funds, policy loans, payment of cash surrender values, surrenders, withdrawal of pension deposits, withdrawal of group annuity deposits, funds transfers or withdrawals, lapses, cash outs, conversions, options, or redemptions, and/or the payment of any benefits or periodic payments of any kind, except as otherwise provided in this Order, until such time as the policies herein are transferred to OLHGA and/or the new corporation.

16. Furthermore, pursuant to 36 O.S. 1991, §2028(I)(2), OLHGA, upon approval of the Court, is empowered to "impose temporary moratoriums on payments of cash values and policy loans, or any other right to withdraw funds held in conjunction with policies or contracts, in addition to any contractual provisions for deferral of cash or policy loan value." It is in the best interest of the public, and the policyholders, creditors, and all others interested in the estate, that OLGHA and the new corporation have the authority to impose such a temporary moratorium

2217/6081

on policy loans, payment of cash surrender values, surrenders, withdrawal of pension deposits, withdrawal of group annuity deposits, funds transfers or withdrawals, lapses, cash outs, conversions, options, or redemptions, and/or the payment of any benefits or periodic payments of any kind, for a period of not longer 90 days from and after the date of transfer of the Company policies to the new corporation.

    IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

    1.    The rehabilitation proceedings herein are hereby converted to liquidation proceedings. Receiver, acting as liquidator, is directed to reduce to his possession and control, and/or to continue in his possession and control all property of the Company. All power and authority of the Receiver pursuant to law or previous orders of this Court shall remain in effect and reside in Receiver. Receiver continues to hold title to all property, accounts, contracts, rights of action or other claims of the Company, including all books and records of the Company, wherever located, and shall deal with all property and business of the Company in liquidation, as Receiver.

    2.    Receiver shall liquidate the business of the Company, and shall have the right on the Company's behalf to assert, settle, abandon, or continue any rights of action or other claims of the Company, of whatever nature, including claims for restitution and/or the recovery of property belonging to the Company that the Receiver, in his discretion and under the general supervision of this Court, determines it is in the best interest of the Company to assert, settle, abandon or continue. Except as otherwise provided in this Order, such actions or recoveries include, but are not limited to the assertion of all rights or claims of the Company as a victim of fraud, misfeasance, malfeasance, malpractice or negligence, and the avoidance of fraudulent or preferential transfers.

2217/6082

3. Receiver shall have the power to enter into such contracts as are necessary to carry out the liquidation of the Company including the assertion of any claims, and to affirm or disavow any contracts to which the Company is a party. Such power includes the power to settle claims on behalf of or against the Company, and to acquire, encumber, sell or transfer any asset of the estate or in which the estate holds an interest, upon such terms and conditions as are fair and reasonable, and to execute, acknowledge and deliver any deeds, assignments, releases, or other instruments necessary or proper to effectuate sales or other transactions of such property.

4. The enumeration herein of the powers of the Receiver shall not be construed as a limitation upon the Receiver's powers to perform any and all such other acts or exercise such other powers as are otherwise authorized by law for dealing with the assets and claims of the Company, and its liquidation.

5. The Company in liquidation shall be renamed "Farmers and Ranchers Life Insurance Company in Liquidation (formerly Farmers and Ranchers Life Insurance Company)," and the style of this action shall be changed to so reflect. Such change in name shall have no effect on the right of the Company, by and through the Receiver, to assert any action, right or claim belonging to the Company prior to the change in name.

6. The agreement between Oklahoma Life and Health Guaranty Association ("OLHGA") and Farmers Union Mutual Insurance Company ("Farmers Union") by which Farmers Union shall assume and reinsure the policies of the Company by and through a new corporation to be formed by Farmers Union, is hereby approved. Farmers Union may, in its discretion, name the new corporation "Farmers and Ranchers Life Insurance Company," subject to compliance with all other applicable laws. The new corporation shall have an initial capitalization of $2.5 million, shall maintain at least $1 million in capital and surplus through its

7

2217/6083

first triennial examination pursuant to 36 O.S. §§309 *et seq.*, and shall deposit $300,000 with the Oklahoma Insurance Department as surety, for the protection of Farmers and Ranchers policyholders.

    7.    The Permanent Injunction previously issued by this Court shall remain in full force and effect, enjoining and prohibiting Farmers and Ranchers Life Insurance Company in Liquidation (formerly Farmers and Ranchers Life Insurance Company), its officers, directors, stockholders, members, subscribers, agents, employees, or other representatives from transacting any further business of the Company, or from dealing with, wasting, transferring, selling, concealing, destroying, disbursing, disposing of or assigning any assets, contracts, causes of action, funds, records, correspondence, memoranda, or any documents or other property of Farmers and Ranchers or any of its affiliates which may have any conceivable relevance to these proceedings, or from paying any further claims, debts, or obligations of Farmers and Ranchers Life Insurance Company in Liquidation (formerly Farmers and Ranchers Life Insurance Company), or issuing any further drafts or checks. All such persons are ordered to cooperate with the Receiver in the carrying out the liquidation of the Company, including promptly replying to any inquiry of the Receiver, and preserving and making available all documents, books and records or other property of the Company, in whatever form, including all computer programs and databases.

    8.    Furthermore, the Permanent Injunction previously issued by this Court shall remain in full force and effect, enjoining and prohibiting all persons and entities from interfering with the Insurance Commissioner's possession, title and rights in and to the property of Farmers and Ranchers Life Insurance Company in Liquidation (formerly Farmers and Ranchers Life Insurance Company).

2217/6084

9.    Furthermore, the Permanent Injunction previously issued by this Court shall remain in full force and effect, enjoining and prohibiting all persons and entities from wasting, transferring, selling, concealing, destroying, disbursing, disposing or assigning, in any manner, the assets and property of Farmers and Ranchers Life Insurance Company in Liquidation (formerly Farmers and Ranchers Life Insurance Company), from obtaining any preferences, judgments, attachments, or other liens against Farmers and Ranchers Life Insurance Company in Liquidation (formerly Farmers and Ranchers Life Insurance Company), or making any levy against Farmers and Ranchers Life Insurance Company in Liquidation (formerly Farmers and Ranchers Life Insurance Company) or its assets or any part thereof. All persons are enjoined and prohibited from commencing, maintaining, continuing or prosecuting any action in law or in equity against Farmers and Ranchers Life Insurance Company in Liquidation (formerly Farmers and Ranchers Life Insurance Company) after the issuance of this order. All such claims must be submitted through the claims process provided by 36 O.S. 1991, §§1901 *et seq.* as amended, and this Order.

10.    Any person or entity, including any bank, savings and loan association, financial institution, or other person, which has on deposit on or its possession, custody or control of any finds, account, records, or any other assets belonging to the former Farmers and Ranchers Life Insurance Company, now Farmers and Ranchers Life Insurance Company in Liquidation (formerly Farmers and Ranchers Life Insurance Company), shall immediately transfer title, custody and control of all such funds, accounts, records or other assets. Receiver may change the name of such accounts or other assets, withdraw them, or take any other action necessary for the conduct of the liquidation.

2217/6085

11. All persons, firms, corporations or other entities having notice of this Order who fail to abide by its terms, shall be directed to appear before this Court to show cause, if any, why they should not be held in contempt of this Court for violation of this Order.

12. Whenever in the judgment of the Receiver protection of the estate of the Company so requires, Receiver may initiate, intervene in, or defend any action in law or equity.

13. The temporary moratorium previously granted by this Court shall remain in full force and effect. Receiver, in his discretion, is authorized to continue to impose a temporary moratorium on lending funds, policy loans, payment of cash surrender values, surrenders, withdrawal of pension deposits, withdrawal of group annuity deposits, funds transfers or withdrawals, lapses, cash outs, conversions, options, or redemptions, and/or the payment of any benefits or periodic payments of any kind, except as otherwise provided in this Order, until such time as the policies are transferred to OLGHA and/or the new Farmers and Rancher Insurance Company. With respect to any such moratorium imposed, Receiver is empowered to retain full and sole discretion and authority to grant hardship exceptions as to any such moratorium.

14. Upon transfer of the Company policies to OLHGA, OLHGA shall be empowered to continue or to impose a new temporary moratorium on payments of cash values and policy loans, or any other right to withdraw funds held in conjunction with policies or contracts, in addition to any contractual provisions for deferral of cash or policy loan value, to the extent such moritorium is deemed by OLGHA to be necessary or proper. Upon transfer of the policies to the new corporation, the new corporation may continue or impose a new temporary moratorium on policy loans, payment of cash surrender values, surrenders, withdrawal of pension deposits, withdrawal of group annuity deposits, funds transfers or withdrawals, lapses, cash outs, conversions, options, or redemptions, and/or the payment of any benefits or periodic payments of

any kind, except as otherwise provided in this Order, for a period of 90 days from and after the date of transfer of the Company policies to Farmers Union. All such moratoria shall be subject to the power to grant hardship exceptions, and notwithstanding the foregoing, no moratorium so imposed shall enjoin disbursement of regular benefit payments to life insurance policy beneficiaries, disability policy beneficiaries, health policy beneficiaries, annuity holders or pension beneficiaries on existing policies, or any disbursement pursuant to group life, group disability, or group medical insurance contracts.

15. Pursuant to 36 O.S. 1991, §1925, the rights and liabilities of the Company and its creditors, policyholders, stockholders, members, subscribers, and all other persons interested in the estate shall be fixed as of the date of the filing of this order with the court clerk, subject to the provisions of 36 O.S. 1991, §1929, regarding contingent claims.

16. Receiver shall have the power to appoint one or more assistant receivers to act for him and may employ such counsel, clerks and assistants as he deems necessary to assist him in the liquidation of the Company. Any such assistant receiver and retained counsel previously appointed in these proceedings shall be entitled to continue in such capacity during liquidation, until such time as the Receiver withdraws their appointment. Notwithstanding any provision of this Order appearing to the contrary, Receiver, Assistant Receiver, retained counsel and all employees of such persons or entities shall be entitled to immunity and right of indemnification to the fullest extent provided by law. The Receiver and Receiver's counsel, clerks, assistants and deputies shall have no personal liability for their respective acts or omissions in connection with these proceedings, unless such acts or omissions are deemed to constitute willful misconduct, gross negligence, or criminal intent. All damages, expenses and costs incurred by the Receiver or Receiver's counsel, clerks, assistants and deputies in connection with lawsuits against them

2217/6087

arising out of or relating to this delinquency proceeding, in their official or personal capacity, shall be paid out of the funds and assets of the Company; provided, however, that the Receiver and Receiver's counsel, assistants, clerks and deputies shall reimburse the Company should such a person be finally adjudged to have been guilty of willful misconduct, gross negligence or criminal intent.

17. No bond shall be required of the Receiver, the assistant commissioners or receivers, or others acting on the Receiver's behalf.

18. Within the duties imposed upon them, any assistant commissioner or receiver shall possess all the powers given to the Receiver, and in the exercise of those powers shall be subject to all the duties imposed upon the Receiver with respect to these proceedings. The compensation of the assistant commissioners or receivers, counsel, clerks, or deputies and all expenses of taking possession of and rehabilitating Farmers and Ranchers shall be paid out of the funds or assets of Farmers and Ranchers.

19. Receiver shall not be required to pay a fee to any public officer in this state for filing, recording, issuing a transcript or certificate or authenticating any paper or instrument pertaining to the exercise by the Insurance Commissioner as Receiver of any of the powers or duties conferred upon him, whether or not such paper or instrument shall be executed by the Insurance Commissioner or his assistants, deputies, employees or attorneys of record.

20. No amount recovered or recoverable by the Receiver from any reinsurer of the Company shall be reduced as a result of this proceeding.

21. Receiver shall, within a reasonable time, give or cause to be given notice of this Order of Liquidation, by first class mail, to all creditors or other persons known to Receiver to be seeking to receive distributions in liquidation as a claimant, including the following persons or

2217/6088

entities: (1) all guaranty associations which are or may become obligated as a result of liquidation; (2) all persons who may have claims against the Company and who have not filed a proper proof thereof, at their last known address as shown by the records of the Company. Such notice to be mailed shall be in substantially the same form as the Notice to Claimants and Creditors approved contemporaneous herewith by the Court, and shall also be published at least one time in a newspaper of general circulation in this county. The Notice shall provide that all proofs of claims shall be presented, properly executed according to law, not later than June 30, 2000, at a place specified in the notice, or such claim shall be forever barred. Upon compliance with the notice required herein, the distribution of the assets of the Company according to law shall be conclusive as to all potential claimants, notwithstanding their receipt of actual notice of these proceedings.

*[signature]*
JUDGE OF THE DISTRICT COURT

APPROVED AS TO FORM:

*[signature]*
Susan B. Loving, OBA #160
R. Scott Thompson, OBA #17712
1505 S. Renaissance Blvd.
Edmond, Oklahoma 73103
(405) 844-9900
Fax: (405) 844-9958
Counsel for Carroll Fisher, Receiver

I, PATRICIA PRESLEY, Court Clerk for Oklahoma County, Okla., Hereby certify that the foregoing is a true, correct and complete copy of the instrument herewith set out as appears of record in the District Court Clerks Office of Oklahoma County, Okla.
This ___ day of _____ 20__
By _____ PATRICIA PRESLEY, Court Clerk
                                    Deputy

13