UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 3:00CV2007 (EBB) |
| ONE 1999 CHEVROLET TAHOE, VIN 3GNEK18R7XG150578, WITH ALL APPURTENANCES AND ATTACHMENTS THEREON, | : | |
| ONE 1994 HARLEY DAVIDSON MOTORCYCLE, VIN 1HD1GEL15RY305363, WITH ALL APPURTENANCES AND ATTACHMENTS THEREON, | : | |
| Defendants. | : | |

DECREE OF FORFEITURE

On October 17, 2000, a Verified Complaint of Forfeiture was filed for the forfeiture of one 1999 Chevrolet Tahoe, VIN 3GNEK18R7XG150578, with all appurtenances and attachments thereon, and one 1994 Harley Davidson Motorcycle, VIN 1HD1GEL15RY305363, with all appurtenances and attachments thereon ("Vehicle Defendants"). The Complaint alleges that the Vehicle Defendants were involved in a financial transaction in violation of 18 U.S.C. §§ 1956 and 1957, and are therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

It appearing that process was fully issued in this action and returned according to law, the Court finds as follows:

## ARREST, NOTICE AND SERVICE OF PROCESS

That pursuant to the Warrants of Arrest In Rem issued by this Court, the Internal Revenue Service Criminal Investigation for the District of Connecticut seized the Vehicle Defendants on October 30, 2000;

That on November 1, 8 and 15, 2000, notice of this action was published in the New York Post newspaper;

That on November 24, 2000, David Rosse waived personal service of the Verified Complaint of Forfeiture and 2 Warrants of Arrest In Rem;

## CLAIMS AND ANSWERS

That on November 6, 2000, Carroll Fisher, Insurance Commissioner and Receiver for Farmers & Ranchers Life Insurance Company, filed a Claim, and on November 16, 2000, filed an Answer to the Verified Complaint of Forfeiture, Affirmative Defenses, and Counterclaim against the United States of America;

That on November 8, 2000, Keith Wenzel, Director of the Mississippi Department of Insurance in Statutory Capacity as Liquidator of International Financial Services Life Insurance, filed a Claim, and on November 27, 2000, filed an Answer and Defenses to the Verified Complaint of Forfeiture, and Counterclaim against the United States of America;

That on November 8, 2000, Anne B. Pope, Commissioner and Receiver of Franklin American Life Insurance Company, filed a Claim, and on November 27, 2000, filed an Answer to the Verified Complaint of Forfeiture and Counterclaim against the United States of America;

That on November 8, 2000, George Dale, Mississippi Commissioner of Insurance, filed a Claim, and on November 27, 2000, filed an Answer and Defenses to the Verified Complaint of Forfeiture, and Counterclaim against the United States of America;

That on November 8, 2000, Mike Pickens, Receiver of Old Southwest Life Insurance, filed a Claim, and on November 27, 2000, filed an Answer and Defenses to the Verified Complaint of Forfeiture;

## INTERLOCUTORY SALE

That on January 31, 2001, the Court granted the United States of America's Motion for Interlocutory Sale of the Vehicle Defendants, and said conveyances were sold by the Internal Revenue Service Criminal Investigation pursuant to the Order for Interlocutory Sale on April 5, 2001;[1]

## DEFAULTS

That on June 2, 2003, David Rosse was defaulted for failure to file a claim or answer or otherwise defend as provided for in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure;

That on September 18, 2003, a default judgment was entered against David Rosse pursuant to Rule 55(b) of the Federal Rules of Civil Procedure;

---

[1] The 1999 Chevrolet Tahoe, sold for $25,000, and the 1994 Harley Davidson motorcycle sold for $10,500. The United States Attorney's costs for advertising notice of this forfeiture action total $525.00.

STIPULATION BETWEEN THE UNITED STATES
AND RECEIVER-CLAIMANTS

That on June 21, 2007, the United States and the Receiver-Claimants entered into a Stipulation whereby the parties agreed that upon the Department of Justice's granting of the Receiver-Claimants' Petition for Remission pursuant to the Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture, 28 C.F.R. §§ 9.1-9.9, the United States shall distribute to the Receiver-Claimants the following pro rata shares of the net proceeds of the above-referenced assets, less allowable costs, as follows:

| Claimant/Petitioner | Pro Rata Share of Net Proceeds |
|---|---|
| Franklin Protective Life Insurance Company | 4.10% |
| Family Guaranty Life Insurance Company | 6.99% |
| Farmers and Ranchers Life Insurance Company | 2.30% |
| First National Life Insurance Company of America | 54.78% |
| Franklin American Life Insurance Company | 8.00% |
| Old Southwest Life Insurance Company | 1.75% |
| International Financial Services Life Insurance Company | 22.08% |

That payment of the accrued interest on the assets seized by the Internal Revenue Service Criminal Investigation shall be governed by a separate order of this Court addressing the Receiver-Claimants' motion for payment of accrued interest;

Now, therefore, on motion of the Plaintiff, United States of America, for a Decree of Forfeiture, it is hereby

ORDERED, ADJUDGED AND DECREED that the default as to all persons having any right, title or interest in the sale proceeds from the court-ordered interlocutory sale of the Vehicle Defendants, as the substitute res, under seizure in this action be and is hereby entered herein;

ORDERED, ADJUDGED AND DECREED that the sale proceeds from the court-ordered interlocutory sale of the Vehicle Defendants, as the substitute res, be forfeited to the United States of America and disposed of according to in accordance with the Stipulation filed on June 21, 2007, between the United States and the Receiver-Claimants; and it is further

ORDERED, ADJUDGED AND DECREED that the Court determines that there is no just reason for delay and it directs the Clerk to enter judgment based upon this Decree of Forfeiture as a final judgment for appeal purposes.

Dated at New Haven, Connecticut, this _____ day of August, 2007.

                                                        HONORABLE ELLEN BREE BURNS
                                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing proposed Decree of Forfeiture has been sent via electronic mail, on this 8th day of August, 2007, to:

Susan B. Loving, Esq.
Lester, Loving & Davies
1701 South Kelly
Edmond, Oklahoma 73013-3018
email: sloving@lldlaw.com

Douglas J. Schmidt, Esq.
Terrance Summers, Esq.
Blackwell Sanders Peper Martin
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
email: dschmidt@blackwellsanders.com
email: tsummers@blackwellsanders.com

Andrew B. Campbell, Esq.
Wyatt, Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203
email: acampbell@wyattfirm.com

Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, Connecticut 06510
email: dskalka@npmlaw.com

Charles G. Copeland, Esq.
Janet G. Arnold, Esq.
Copeland, Cook, Taylor & Bush
1062 Highland Colony Parkway
P.O. Box 6020
Ridgeland, Mississippi 39157
email: gcopeland@cctb.com
email: Jarnold@cctb.com

James A. Lenes, Esq.
9 Grove Street
Ridgefield, CT 06877
email: jlenes@Leneslaw.com

and by first class mail to:

Steve A. Uhrynowycz, Esq.
1200 West Third Street, Room 340
Little Rock, Arkansas 72201-1904

_____
JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY